IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROGRESSIVE NORTHWESTERN INSURANCE, a/s/o HORTON BROTHERS OF DELAWARE, INC. and JACKIE L. LUCAS, JR. Plaintiffs | : : : | CIVIL ACTION |
| v. | : : | NO. 1:05-cv-736 |
| NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK, RONALD F. ANNONE, and NORFOLK SOUTHERN CORPORATION Defendants | : : : | JURY TRIAL DEMANDED 12 JURORS REQUESTED |

**ANSWER OF DEFENDANTS, NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK, RONALD F. ANNONE, AND NORFOLK SOUTHERN CORPORATION TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1.   Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 1 and, therefore, they are denied.

2.   Admitted.

3.   Denied as stated.  The National Railroad Passenger Corporation is a corporation which was created by an Act of Congress, and is subject to the business laws of the District of Columbia, to the extent that said business laws do not conflict with the Act of Congress which created the National Railroad Passenger Corporation.  The National Railroad Passenger Corporation has its domicile and principal place of business in the District of Columbia, both as a matter of fact and as a matter of law, pursuant to the Act of Congress creating the

National Railroad Passenger Corporation.

4.  Admitted.

5.  Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 5 and, therefore, they are denied.

6.  Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 6 and, therefore, they are denied.

7.  Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 7 and, therefore, they are denied.

8.  Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 8 and, therefore, they are denied.

9.  Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 9 and, therefore, they are denied.

10.  Denied.  Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 10 and, therefore, they are denied.

11.  The averments contained in paragraph 11 (a) through (j) of Plaintiffs' Complaint are conclusions of law to which no response is required.  To the extent

that the allegations contained in paragraph 11 (a) through (j) are deemed to be statements of fact, they are denied.

12. The averments contained in paragraph 12 of Plaintiffs' Complaint are conclusions of law to which no response is required. To the extent that the allegations contained in paragraph 12 are deemed to be statements of fact, they are denied.

13. The averments contained in paragraph 13 of Plaintiffs' Complaint are conclusions of law to which no response is required. To the extent that the allegations contained in paragraph 13 are deemed to be statements of fact, they are denied.

14. Denied. Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the matters asserted in paragraph 14 and, therefore, they are denied.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs fail to state a cause of action upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is barred and/or limited in accordance with the Comparative Negligence Act, the relevant portions of which are incorporated herein by reference as if more fully set forth at length.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff was injured as alleged, said injuries were due entirely to his own act of negligence.

## SIXTH AFFIRMATIVE DEFENSE

The negligence of the Plaintiffs was greater than that of the Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

The occurrence alleged in the Complaint was unavoidable in nature and beyond the control of these Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Any injuries or damages alleged to have been sustained by the Plaintiff were the result of the negligence or other conduct of a third person or persons over whom answering Defendants exercised no control or right of control.

## NINTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants exercised all reasonable precautions and inspections necessary to maintain the premises in a safe condition.

## TENTH AFFIRMATIVE DEFENSE

The losses and injuries alleged by the Plaintiffs in the Complaint are not the result of the incident complained of in this Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Answering Defendants violated no duty to Plaintiffs, if any was owing by them, which proximately caused the injuries and damages alleged to have been

sustained.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants deny that they were guilty of any negligence which was the proximate or producing cause of any injuries or damages alleged to have been sustained by the Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendants' agents, servants, employees, and/or representatives did not cause any accident or incident which is alleged to have occurred.

## FOURTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff was injured or suffered losses as alleged, all such injuries, damages, and/or losses being specifically denied, said injuries, damages, and all losses therefrom are due, in whole or in part, to the negligence, carelessness, or recklessness of the Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

If the Plaintiff was injured or suffered losses as alleged, all such injuries, damages, and/or losses being specifically denied, said injuries, damages, and all losses were caused by the negligence, carelessness, recklessness, actions, inactions, or other fault of third parties over whom answering Defendants exercised no control nor any right of control.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs have failed to mitigate their damages, all such damages being specifically denied.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Any actions or inactions on the part of answering Defendants and/or answering Defendants' agents, servants, employees, and/or representatives, were not the cause or causes of either the accident alleged, nor of any of the injuries, damages, and/or losses alleged to have been sustained by the Plaintiffs, all such injuries, damages and/or losses being specifically denied.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred and/or otherwise limited pursuant to the applicable provisions of any releases and/or other agreements into which Plaintiffs may have entered, the relevant provisions of which are hereby incorporated by reference.

**NINETEENTH AFFIRMATIVE DEFENSE**

National Railroad Passenger Corporation is a corporation which is partially owned by the Federal Government and the law of damages, as is applicable under Federal Statutes should be applied in this case; therefore, the National Railroad Passenger Corporation is entitled to a reduction to present value of any future damages.

WHEREFORE, Defendants demand Judgment against Plaintiffs and in favor of the Defendants.

        GALLAGHER, ROWAN & EGBERT P.C.
Attorneys for Defendants, National Railroad Passenger Corporation a/k/a Amtrak, Ronald F. Annone, and Norfolk
Southern Corporation

BY:  s/Jessica E. Gensler Lippy
_____
JESSICA E. GENSLER LIPPY, ESQUIRE
Attorney I.D. No. 4426
Silverside Carr Executive Center
501 Silverside Road, Suite 94
Wilmington, DE 19809
(302) 798-2779

Date:   October 25, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PROGRESSIVE NORTHWESTERN INSURANCE, a/s/o HORTON BROTHERS OF DELAWARE, INC. and JACKIE L. LUCAS, JR. | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | |
| v. | | |
| | : | NO. 1:05-cv-736 |
| NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK, RONALD F. ANNONE, and NORFOLK SOUTHERN CORPORATION | : | |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I, Jessica E. Gensler Lippy, Esquire, attorney for Defendants, National Railroad Passenger Corporation a/k/a Amtrak, Ronald F. Annone, and Norfolk Southern Corporation , hereby certify that a true and correct copy of the foregoing Answer on behalf of Defendants, National Railroad Passenger Corporation a/k/a Amtrak, Ronald F. Annone, and Norfolk Southern Corporation, was served via first class mail, postage prepaid to counsel for Plaintiffs as follows:

Roger D. Landon
1011 Centre Road-Suite 210
Wilmington, DE 19805

        GALLAGHER, ROWAN & EGBERT P.C.
        Attorneys for Defendants, National Railroad Passenger Corporation a/k/a Amtrak, Ronald F. Annone, and Norfolk Southern Corporation

            s/Jessica E. Gensler Lippy
BY:_____
        JESSICA E. GENSLER LIPPY, ESQUIRE
        Attorney I.D. No. 4426
        Silverside Carr Executive Center
        501 Silverside Road, Suite 94
        Wilmington, DE 19809
        (302) 798-2779

Date:   October 25, 2005